UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMAYON ASADI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | Case No.  26-cv-01963-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff Homayon Asadi sues defendant Nelnet Servicing, LLC (Nelnet) for violating the Fair Credit Reporting Act (FCRA) in connection with allegedly fraudulent federal student loans taken out in Asadi's name. Nelnet now moves to dismiss for lack of Article III standing and for failure to state a claim under the FCRA. Though Asadi pleads Article III standing, Asadi fails to state a claim under the FCRA. Nelnet's motion to dismiss is therefore granted with leave to amend.

## BACKGROUND

Dr. Homayon Asadi is a dentist in Hollister, California, who alleges that someone fraudulently took out $348,000 in student loans in his name.[1] Asadi alleges that, in 2025, he discovered seven federal student loans taken out in his name that were being serviced by Nelnet, a federal student loan servicer. Asadi alleges that he never attended an educational institution associated with the loans he purportedly took out, never signed any promissory notes or other loan documents, never received the loans, and had no knowledge of these loans until they were reported as delinquent on his credit report.

---

[1] For the purposes of Nelnet's motion, the Court assumes the truth of the allegations in Asadi's complaint.

On May 4, 2025, Asadi sent a letter to the credit reporting agency Equifax disputing the student loans and requesting that those loans be removed from his credit report. Asadi also submitted a "Loan Discharge Application based on False Certification (Identity Theft)" letter to Nelnet and the United States Department of Education, asserting that the loans are fraudulent. On June 10, 2025, Nelnet issued a denial letter. On November 12, 2025, Asadi sent another loan discharge application to the Department of Education's Borrower Defense/Identity Theft Unit. Nelnet and the Department of Education have declined to discharge the student loans and failed to provide Asadi with copies of loan applications, promissory notes, or any other documents with Asadi's signature.

## ANALYSIS

Article III limits federal courts' jurisdiction to cases and controversies. U.S. Const. art. III, § 2. A "case or controversy under Article III" requires that a plaintiff have "standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). At issue here is the requirement that plaintiffs have suffered an "injury in fact" that is "concrete." *Id.* Relying upon *TransUnion*, Nelnet contends that even though Asadi pleads that Nelnet transmitted false information about him to Equifax, he cannot plead an Article III injury in the absence of an allegation that Equifax provided a credit report containing that allegedly false information to a third party.

In *TransUnion*, the Supreme Court held that the 6,332 class members whose TransUnion credit files contained misleading information but whose files had not been disseminated to third parties could not satisfy the "concrete" injury requirement because that inquiry required "assess[ing] whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." 594 U.S. at 424 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). The Court noted that the class members' claim of harm resulting from inaccurate statements about them was comparable to a common law defamation claim and that publication of defamatory information was "essential to liability." *Id.* at 433–34 (quoting Restatement of Torts § 577, Cmt. a, at 192). Because the facts showed the information at issue had never been published by TransUnion, the Court concluded that those class members suffered no concrete injury as a result of TransUnion's conduct. *See also*

United States District Court
Northern District of California

*id.* at 434 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm.").

In Nelnet's view, *TransUnion* establishes a credit reporting-specific rule permitting a finding of Article III standing only where a credit reporting agency has distributed a false report to third parties. The problem with that argument is that Asadi is not pursuing a claim against Equifax. Instead, he alleges that *Nelnet* reported—i.e., "published"—the allegedly false information to Equifax and that Nelnet "continue[s] to report these fraudulent debts to consumer credit reporting agencies." Complaint ¶ 31. As to Nelnet's alleged conduct, then, Asadi has satisfied the common law analogue's requirement of publication. *TransUnion* itself recognized that, for the common law torts of libel and slander per se, "publication is generally presumed to cause a harm, albeit not a readily quantifiable harm." 594 U.S. at 437. Though Asadi pleads that Nelnet disseminates information *to* consumer reporting agencies, whereas *TransUnion* involved a credit reporting agency disseminating information to creditors (or not doing so), Asadi sufficiently pleads standing under *TransUnion* because Nelnet's distribution of allegedly defamatory information is itself the concrete injury required under Article III and *TransUnion*.

While adequately pleading his Article III standing, Asadi fails to plausibly plead that Nelnet violated the FCRA.

15 U.S.C. § 1681s-2(b) requires a person who receives notice of a dispute "pursuant to [15 U.S.C.] section 1681i(a)(2)" as to the "completeness or accuracy of any information provided by a person to a consumer reporting agency" to "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A). Asadi's complaint, however, nowhere alleges that any consumer reporting agency, be it Equifax or another agency, alerted Nelnet of his disputes regarding the allegedly fraudulent loans. Asadi's existing complaint thus fails to state a claim under § 1681s-2(b).[2]

---

[2] It is unclear whether Asadi's complaint also asserts an FCRA claim under 15 U.S.C. § 1681s-2(a)(1)(A), which provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." In opposing Nelnet's motion to dismiss, however, Asadi addressed only the viability of his claim under § 1681s-2(b). He thus waived any claim that the complaint adequately states a claim under § 1681s-2(a)(1)(A).

3

Asadi also fails to state a claim for declaratory relief. "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration … ." 28 U.S.C. § 2201. 28 U.S.C. § 2201 does not create an independent cause of action, and Asadi's counsel acknowledged at argument that, as to Nelnet, Asadi's claim for declaratory relief is premised on his FCRA claim. Because that claim fails for the reasons stated above, his declaratory relief claim against Nelnet likewise fails.

Accordingly, the Court denies Nelnet's motion to dismiss under Rule 12(b)(1) but grants its Rule 12(b)(6) motion. The Court dismisses Asadi's claims against Nelnet without prejudice and with leave to amend. Asadi must file any amended complaint within 28 days of the filing of this order. Failure to file an amended complaint will result in the dismissal with prejudice of the claims dismissed in this order.

**IT IS SO ORDERED.**

Dated: July 10, 2026

P. Casey Pitts
United States District Judge